# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2573

UNITED STATES OF AMERICA

v.

NOAH LEE CRADDOCK,
                                        Appellant

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Jennifer P. Wilson, No. 1:22-cr-00050-001

Before: CHAGARES, *Chief Judge*; RESTREPO, AND
MONTGOMERY-REEVES, *Circuit Judges*
Submitted Jun. 10, 2026;

Filed Jul. 1, 2026

_____

OPINION OF THE COURT

MONTGOMERY-REEVES, *Circuit Judge*.

Noah Craddock challenges the District Court's decision to impose a four-level sentencing enhancement under § 2K2.1(b)(4)(B)(i) of the 2024 U.S. Sentencing Guidelines Manual (the "Guidelines")[1] for possessing a single firearm

_____

[1] Unless otherwise noted, all references to the Guidelines refer to the 2024 Guidelines, as Craddock was sentenced in August

with one illegible serial number and one legible serial number. We hold that the enhancement in § 2K2.1(b)(4)(B)(i) applies if a firearm has a single serial number that was modified to be illegible or unrecognizable to the unaided eye. The presence of a separate legible serial number on a firearm does not prohibit the enhancement's application. We will therefore affirm the District Court's judgment.

## I.   FACTS & PROCEDURAL HISTORY

In November 2020, Craddock was arrested after a slow speed pursuit. In a search incident to the arrest, law enforcement discovered a disassembled Glock pistol and 9mm ammunition. The dissembled firearm had two serial numbers: one fully visible on the slide, and the other partially visible on the pistol frame. The partially visible serial number was mostly scratched off, though certain characters could still be identified and matched the visible serial number.

As a felon, Craddock was charged with illegally possessing a firearm under 18 U.S.C. § 922(g)(1). He pleaded guilty to the charge. Before sentencing, the Probation Office recommended a four-level enhancement under § 2K2.1(b)(4)(B)(i). That enhancement provides that a defendant's base offense level increases four levels if "any firearm had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye." Guidelines § 2K2.1(b)(4)(B)(i).

---

2025. *See* U.S. Sent'g Guidelines Manual § 1B1.11(a) (U.S. Sent'g Comm'n 2024) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

At sentencing, the District Court applied § 2K2.1(b)(4)(B)(i)'s four-level enhancement. It found that "several characters" of the partially visible serial number on the pistol frame were "not legible" or "recognizable to the naked eye." App. 73. As a result, the District Court held that § 2K2.1(b)(4)(B)(i)'s plain language unambiguously applied to Craddock where he was found in possession of a firearm containing at least one illegible serial number. And it determined that the presence of a separate legible serial number on the firearm's slide was irrelevant to its analysis. Craddock timely appealed.

## II.   JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review of the District Court's interpretation of the Guidelines. *United States v. Nasir*, 17 F.4th 459, 468 (3d Cir. 2021) (en banc). Plenary review requires that we review the question presented to the District Court anew without giving deference to the District Court's interpretation of the Guidelines. *United States v. Caraballo*, 88 F.4th 239, 243 (3d Cir. 2023).

## III.   ANALYSIS

We are asked to resolve whether § 2K2.1(b)(4)(B)(i)'s four-level enhancement applies when a firearm has a single illegible serial number and a separate legible serial number. When interpreting the Guidelines' text, we "presume that words carry their ordinary meaning" and we look to "standard reference works such as legal and general dictionaries" to determine ordinary meaning. *Caraballo*, 88 F.4th at 246 (quoting

3

*Da Silva v. Att'y Gen.*, 948 F.3d 629, 635 (3d Cir. 2020)). We consult references such as "Black's Law Dictionary, Oxford English Dictionary, and Webster's Dictionary" for this purpose. *Id.* (alterations omitted).

We start and end our analysis with the text of § 2K2.1(b)(4)(B)(i). To refresh, sentencing courts increase by four levels a defendant's base offense level if the defendant's offense involved "any firearm ha[ving] a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye." Guidelines § 2K2.1(b)(4)(B)(i). The plain meaning of the terms "any," "a," "modified," and "illegible" resolves this appeal. "Any" connotes breadth and, when paired with a singular noun like "firearm," most naturally "refer[s] to an unspecified number of a particular class." *Any*, *Oxford English Dictionary* (2d ed. 1989) (last modified June 2026); *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) ("[R]ead naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997))). "A," when used, as here, "in an indefinite noun phrase referring to something not specifically identified," means "one, some, [or] any." *A*, *Oxford English Dictionary* (2d ed. 1989) (last modified Mar. 2026); *accord United States v. Warren*, 820 F.3d 406, 408 (11th Cir. 2016) ("[I]n common terms, when 'a' or 'an' is followed by a restrictive clause or modifier, this typically signals that the article is being used as a synonym for either 'any' or 'one.'" (quoting *United States v. Alabama*, 778 F.3d 926, 932 (11th Cir. 2015))). So, we know § 2K2.1(b)(4)(B)(i) expansively applies to firearms with at least one serial number.

But that does not end the inquiry because a restrictive clause containing the terms "was modified" and "is rendered illegible" modifies "serial number."[2]   The transitive verb "modify" (rendered here in the past tense and in passive voice) means "[t]o make somewhat different."  *Modify*, *Black's Law Dictionary* (12th ed. 2024); *see also Modify*, *Oxford English Dictionary* (2d ed 1989) (last modified June 2026) ("To make partial or minor changes to"; "to cause to vary without radical transformation.").  The adjective "illegible" means "not clear enough to read" and "difficult to make out."  *Illegible*, *Oxford English Dictionary* (2d ed. 1989) (last modified Sept. 2025).

Putting these terms together, the most natural reading of § 2K2.1(b)(4)(B)(i) comes into view.  It applies to firearms with at least one serial number that has been at least partially changed to make the serial number unreadable or difficult to read.  Craddock acknowledges that he possessed a handgun with at least one serial number, "the middle four digits of which were marred."  Opening Br. 2.  That acknowledgment resolves this appeal.   Under any reading of § 2K2.1(b)(4)(B)(i), Craddock possessed a firearm with a serial number that was "marred" to the point of illegibility.[3]

---

[2] The parties do not dispute the part of the restrictive clause containing the phrase "unrecognizable to the unaided eye."

[3] We note that our holding accords with at least six of our sister circuits.  *See United States v. Serrano-Mercado*, 784 F.3d 838, 850 (1st Cir. 2015) (holding that the use of "a" or "an" in pre-amendment § 2K2.1(b)(4)(B)—an indefinite article that remained post-amendment—does "not require that *all* of [a] gun's serial numbers be . . . affected"); *United States v. St. Hilaire*, 960 F.3d 61, 65 (2d Cir. 2020); *United States v. Jones*, 927 F.3d 895, 897 (5th Cir. 2019); *United States v. Sands*, 948

Craddock resists this conclusion and argues that the Sentencing Commission changed the plain meaning of § 2K2.1(b)(4)(B)(i) in a 2024 amendment.[4] Craddock is wrong twice over. *First*, he construes the terms "any firearm" and "original information" in the amended § 2K2.1(b)(4)(B)(i) to mean that the four-level enhancement cannot apply when a firearm "as a whole" bears a "complete and accurate serial number." Opening Br. 9–10. But that argument adds words that are not there. As stated, "any firearm" does not necessarily mean the whole firearm—just a firearm of "whatever kind." *Any*, *Merriam Webster's Collegiate Dictionary* (11th ed. 2004). Nor does "original information" mean "complete and accurate" information, as Craddock posits. *Original*, *Oxford English Dictionary* (2d ed. 1989) (last modified June 2026) ("That is the origin or source of something; from which something springs, proceeds, or is derived; primary."). And, even if we accept Craddock's strained construction, the enhancement still applies. As here, a whole firearm can have a "complete and accurate serial number" while also having "a serial number" that was changed to be "illegible or unrecognizable to the naked eye." Craddock's attempt to defeat the plain meaning simply ignores the most relevant language—"*a* serial number."

*Second*, the Sentencing Commission amended § 2K2.1(b)(4)(B)(i) not, as Craddock contends, to permit an

---

F.3d 709, 713 (6th Cir. 2020); *United States v. Thigpen*, 848 F.3d 841, 845–46 (8th Cir. 2017); *Warren*, 820 F.3d at 408.

[4] Before 2024, § 2K2.1(b)(4)(B) applied to "any firearm [that] had an altered or obliterated serial number." U.S. Sent'g Guidelines Manual § 2K2.1(b)(4)(B)(i) (U.S. Sent'g Comm'n 2023).

escape hatch for criminals using guns with multiple serial numbers but to "resolve[] the differences in how the circuits interpret[ed] the term 'altered' in the [four]-level enhancement at § 2K2.1(b)(4)(B)." *Sentencing Guidelines for United States Courts*, 89 Fed. Reg. 36853, 36858–59 (May 3, 2024) (detailing circuit split). Craddock's argument then is also inconsistent "with the Commission's recognition in 2006 of both the difficulty in tracing firearms with altered and obliterated serial numbers, and the increased market for these types of weapons." *Id.* at 36859 (quotation marks omitted).

\* \* \* \* \*

To apply § 2K2.1(b)(4)(B)(i), a sentencing court need only identify whether a firearm has a single modified serial number that is illegible or unrecognizable to the naked eye. The presence of a separate legible serial number does not prohibit the application of § 2K2.1(b)(4)(B)(i)'s four-level enhancement. Because the District Court properly applied the enhancement, we will AFFIRM.

*Counsel for Appellant(s)*
John A. Abom
Abom & Kutulakis

*Counsel for Appellee(s)*
Carlo D. Marchioli
Office of United States Attorney